On appellant's petition for reconsideration of Appellate Commissioner's order of dismissal filed April 17, reconsideration allowed, prior order adhered to August 12, 2015, petition for review denied February 18, 2016 (358 Or 611)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## SHAWN ALEXANDER HARRIS,
*Defendant-Appellant.*

Jackson County Circuit Court
924105C2; A154921

358 P3d 313

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Attorney-in-Charge, for response.

Before Haselton, Chief Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

Defendant petitions for reconsideration of the Appellate Commissioner's order dismissing defendant's appeal of a circuit court order granting his motion for DNA testing under ORS 138.690 to 138.698.[1] The petition for reconsideration is allowed; the court adheres to the commissioner's order.

The primary issue is whether an order that authorizes DNA testing, but bars the defendant from later "collaterally attacking" the defendant's judgment of conviction and sentence if the testing does not result in exculpatory evidence, is a "limit" on DNA testing such that the order is appealable under ORS 138.697. We conclude that, under these circumstances, it is not.

The material facts are these: In 1992, defendant was convicted of two counts of aggravated murder, three counts of murder, two counts of rape in the first degree, and one count of sexual abuse in the first degree. Defendant was sentenced to life without the possibility of parole.[2] In 2004, defendant filed a motion under ORS 138.692 seeking DNA testing. The parties discovered that, in 1999, the Medford Police Department destroyed all of the evidence gathered during the investigation leading to defendant's conviction. However, one of the nongovernmental laboratories that had conducted DNA testing before defendant's trial had retained extracts from the evidence samples and determined that the samples remained suitable for testing.[3]

---

[1] The post-judgment DNA testing statutory scheme consists of six statutes; in play here are ORS 138.690 (identifying who may file a motion for DNA testing and where the motion is filed—in the circuit court in which the judgment of conviction was entered), ORS 138.692 (prescribing the procedures governing the filing and adjudication of motions for DNA testing), and ORS 138.697 (addressing appeals from circuit court decisions in DNA testing proceedings).

[2] Defendant unsuccessfully appealed the judgment of conviction and sentence. *State v. Harris*, 152 Or App 567, 953 P2d 433 (1998). Thereafter, defendant sought post-conviction relief. Defendant dismissed his post-conviction relief petition without prejudice.

[3] Defendant's original trial and conviction was one of the early cases in Oregon to use DNA testing. Four different laboratories conducted DNA testing of samples in defendant's case, the Oregon State Police crime lab, the FBI crime lab, and two private laboratories.

That the samples were in the possession of a nongovernmental entity is important because ORS 138.692(2)(b) requires either that the circuit court make a chain of custody finding or that the state stipulate to the requested DNA testing.[4] In this case, defendant and the state stipulated to the testing of the private laboratory's samples, but the stipulation included the following provision that ultimately appeared in the circuit court's order granting defendant's motion for DNA testing:

> "If the DNA testing ordered under [ORS 138.690 to 138.692] fails to produce exculpatory evidence, defendant shall forever be barred from collaterally attacking his convictions in this case, including any appeal, post-conviction or habeas corpus proceedings."

DNA testing was conducted and apparently did not produce any exculpatory evidence.[5]

The circuit court entered its order on July 16, 2004; defendant timely filed notice of appeal from that order.[6] In a single assignment of error, defendant argues that the circuit court erred by conditioning the order granting DNA testing on defendant's waiver of collateral remedies. The state moved to dismiss the appeal on the ground that ORS 138.697(1) does not allow the defendant to appeal from the circuit court's order on a request for DNA testing unless the order "den[ies] or limit[s]" DNA testing; in the state's view, the circuit court's order in this case did neither. Defendant opposed the motion on the ground that the order effected a "limit" on DNA testing; therefore, it was within the scope of

---

[4] ORS 138.692(2) provides, in part:

"The court shall order the DNA testing requested in a motion under subsection (1) of this section if the court finds that:

"* * * * *

"(b) Unless the parties stipulate otherwise, the evidence to be tested is in the possession of a city, county, state or the court and has been subject to a chain of custody sufficient to establish that the evidence has not been altered in any material respect."

[5] The result of the DNA testing is not reflected in the record.

[6] Senate Bill (SB) 42 (2013) authorized this court to decide appeals from dispositions of requests for DNA testing under ORS 138.690. SB 42 allowed defendants who had previously sought DNA testing to file an appeal within 90 days of the effective date of SB 42. Appellant timely filed this appeal on the ninetieth day following the effective date of SB 42.

ORS 138.697(1). The Appellate Commissioner granted the state's motion and issued an order dismissing the appeal on the ground that a future motion for DNA testing under ORS 138.692 would not be a collateral attack on defendant's conviction; therefore, the circuit court's order did not "limit" DNA testing and was not appealable.

ORS 138.697 controls when a final order or judgment relating to DNA testing may be appealed. The statute provides, in part:

"(1)   A person described in ORS 138.690 may appeal to the Court of Appeals from a circuit court's final order or judgment *denying or limiting DNA (deoxyribonucleic acid) testing under ORS 138.692*, denying appointment of counsel under ORS 138.694 or denying a petition for a new trial under ORS 138.696.

"(2)   The state may appeal to the Court of Appeals from a circuit court's final order or judgment granting a motion for DNA testing under ORS 138.692 or granting a motion for a new trial under ORS 138.696."

(Emphasis added.)

Defendant argues that the word "limiting," as used in ORS 138.697(1), confers appellate jurisdiction over an order that in any way restricts or constrains opportunities to challenge the validity of his conviction. Based on that interpretation, defendant argues that the circuit court in this case limited DNA testing by requiring him to surrender opportunities to collaterally challenge his conviction, including post-conviction relief, habeas corpus, as well as future requests for DNA testing under ORS 138.692.

The state argues that the circuit court's order granted the DNA testing requested by defendant and is therefore not appealable.

Our disposition of this appeal turns on the resolution of two issues. First, does the circuit court's order, by its terms, preclude or limit defendant's request for DNA testing under ORS 138.692? Second, does barring defendant from seeking post-conviction relief or habeas corpus effect a denial of, or limitation on, DNA testing within the meaning of ORS 138.697(1)?

The disputed order does not, by its terms, bar defendant from making a future request for DNA testing under ORS 138.692. The operative language of the circuit court's order bars defendant from "collaterally attacking" his conviction, and specifically mentions only appeal, post-conviction relief, and habeas corpus. It does not mention a future request for DNA testing.[7] Further, and decisively, a motion for DNA testing under ORS 138.692 is not itself a challenge to the defendant's conviction; rather, the motion for DNA testing merely sets the stage for a *potential* challenge to the judgment of conviction. If the circuit court grants the motion for DNA testing and testing produces exculpatory evidence, the defendant's remedy is to move for a new trial, which, if granted, would result in the judgment of conviction being set aside. ORS 138.696(2) (if DNA testing produces exculpatory evidence, defendant may move for new trial under ORCP 64 F based on newly discovered evidence). The motion for new trial would be a challenge to the defendant's conviction, but, because the motion is filed in the same action that gave rise to the judgment of conviction and sentence, the motion is a direct, not a collateral, attack on the validity of the conviction. In short, contrary to defendant's characterization of the circuit court's order, it simply does not in any way "limit" his ability to file a future motion for DNA testing under ORS 138.692.

We proceed, then, to the second issue: even if the order does not explicitly deny or limit DNA testing, does its preclusion of future collateral relief effect such a denial or limitation of DNA testing as to render it appealable under ORS 138.697(1)?

We conclude that it does not, because of the combination of two circumstances. First, as noted, defendant did, in fact, receive the DNA testing he requested, *see* 272 Or App at 776, and nothing in the order purports to limit or preclude any future entitlement to testing under ORS 138.692. Second, in the procedural posture of this case, and

---

[7] Indeed, part 3 of the circuit court's order contemplates the possibility of future DNA testing. The authorization to conduct DNA testing was subject to this provision: "That the DNA evidence at [the private laboratory] shall not be consumed by the re-testing at this time so that subsequent retesting may occur if deemed necessary by either party and allowed by this court."

on this record, any purported "limitation" as a result of the condition relating to potential future collateral proceedings is so speculative as to be noncognizable.[8]

Accordingly, the circuit court order is not appealable under ORS 138.697(1).

Reconsideration allowed; prior order adhered to.

---

[8] We imply no view as to the enforceability of that condition, which may be properly considered in the event that defendant pursues future collateral proceedings and the state seeks dismissal of such proceedings based on the condition in the trial court's order.